UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL G. ABSHIRE,

        Petitioner,

v.                              Case No. 3:05-cv-620-J-32MCR

JAMES CROSBY, et al.,

        Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner initiated this action by filing a Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 5, 2005. He challenges a 1995 state court (St. Johns County) conviction. In ground one, Petitioner claims that his nolo contendere plea was involuntary and coerced. In ground two, he asserts that he received an illegal sentence.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of

>direct review or the expiration of
>the time for seeking such review;
>
>(B) the date on which the impediment
>to filing an application created by
>State action in violation of the
>Constitution or laws of the United
>States is removed, if the applicant
>was prevented from filing by such
>State action;
>
>(C) the date on which the
>constitutional right asserted was
>initially recognized by the Supreme
>Court, if the right has been newly
>recognized by the Supreme Court and
>made retroactively applicable to
>cases on collateral review; or
>
>(D) the date on which the factual
>predicate of the claim or claims
>presented could have been discovered
>through the exercise of due
>diligence.
>
>(2) The time during which a properly filed
>application for State post-conviction or other
>collateral review with respect to the
>pertinent judgment or claim is pending shall
>not be counted toward any period of limitation
>under this subsection.

28 U.S.C. § 2244(d). Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this new subsection. See Response to Petition (Doc. #7) (hereinafter Response), filed September 15, 2005.

Petitioner's judgment of conviction was final on February 5, 1996. See Response at 4. Accordingly, the one-year limitation period in Petitioner's case began to run on April 24, 1996. See

Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999) ("For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996.") (citations omitted), cert. denied, 528 U.S. 1085 (2000). Thus, Petitioner should have filed this action on or before April 24, 1997, unless any periods of time can be excluded from this one-year grace period because Petitioner was pursuing a properly filed application for state post-conviction relief. Here, Petitioner did not have any applications for post-conviction relief pending during the one-year grace period. Thus, his Petition is due to be dismissed as untimely.

Petitioner contends that the one-year limitation period should not be imposed upon him because officials employed by the Florida Department of Corrections lost his legal documents. See Petition at 14; Petitioner's Reply/Traverse (Doc. #9) (hereinafter Reply), filed October 3, 2005, at 2. The Court finds this claim to be without merit for the reasons stated by the Respondents in their Response. See Response at 3-7.

Additionally, he argues that the Petition was timely filed pursuant to 28 U.S.C. § 2244(d)(1)(D) (providing that the limitation period commences on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence). See Reply at 5.

Clearly, the factual basis for the two grounds raised in the Petition was known to Petitioner at the time he was sentenced. Thus, Petitioner's argument is without merit.

Petitioner also adopts the arguments he made in his state post-conviction proceedings. See id. In his state court "Petition for Writ of Habeas Corpus to File Bleated Rule 3.850 Motion to Establish the Defendant's Actual Innocence," Petitioner claimed that the state court should reach the merits of his claims despite the untimeliness of his action because he is actually innocent. See Ex.[1] D at 10-13.

> [T]he Supreme Court held that a prisoner attempting to make such a showing must raise "new facts" that cast "sufficient doubt upon [his] guilt to undermine confidence in the result of a trial without the assurance that the trial was untainted by constitutional error." In practical terms, this means that the petitioner must show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327, 115 S.Ct. at 867 (quoting Murray v. Carrier, 477 U.S. at 496, 106 S.Ct. at 2649).

Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004).

Clearly, Petitioner has not shown that it is more likely than not that no reasonable juror would have convicted him in the light

---

[1] The Court hereinafter refers to the exhibits in the Respondents' September 27, 2005, Appendix (Doc. #8) as "Ex."

of the allegedly new evidence he identified in his post-conviction proceedings. Thus, his claim of actual innocence is insufficient to overcome the statute of limitations bar.

The Court has thoroughly reviewed the arguments made by Petitioner in his Reply and in his state post-conviction proceedings,[2] and finds them to be unpersuasive. In sum, Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him. Thus, the Court will dismiss this case with prejudice as untimely filed.

Therefore, it is now

**ADJUDGED:**

1. The Petition is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of December, 2005.

TIMOTHY J. CORRIGAN
United States District Judge

---

[2] See Ex. D at 7-19, 31-39; Ex. G at 1-4; Ex. H at 1-9.

ps 11/1
c:
Michael G. Abshire
Assistant Attorney General Carmen F. Corrente