UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL G. ABSHIRE,

                    Petitioner,

v.                                    Case No. 3:05-cv-620-J-32MCR

JAMES R. MCDONOUGH,[1] et al.,

                    Respondents.

_____

**ORDER**[2]

1.    Petitioner's February 12, 2006, Motion for Enlargement of

Time (Doc. #12) is **DENIED** because it was not timely filed.   In

order to be considered timely, Petitioner was required to hand his

Motion for Enlargement of Time to prison authorities for mailing to

this Court on or before February 11, 2006.   See Fed. R. App. P.

4(a)(5)(A)(i).[3] Thus, Petitioner's Notice of Appeal (Doc. #13) was

not timely filed.

_____

    [1]  James  R.  McDonough,  the  Interim  Secretary  of  the  Florida
Department of Corrections, is substituted as the proper party Respondent
for James V. Crosby, Jr., pursuant to Rule 25(d)(1) of the Federal Rules
of Civil Procedure.

    [2] Under the E-Government Act of 2002, this is a written opinion and
therefore is available electronically.  However, it has been entered only
to decide the motion or matter addressed herein and is not intended for
official publication or to serve as precedent.

    [3] Judgment in this case was entered on December 13, 2005.   Thus,
Petitioner  was  required  to  file  his  notice  of  appeal  no  later  than
January  12,  2006.   See  Fed.  R.  App.  P.  4(a)(1)(A).   Accordingly,  the
final date Petitioner could have timely handed a request for an extension
of  time  to  appeal  to  prison  authorities  for  mailing  to  this  Court  was
thirty  days  later,  on  February  11,  2006.   Petitioner  handed  his  Motion
for  Enlargement  of  Time  (Doc.  #12)  to  prison  authorities  for  mailing  to
this Court on February 12, 2006.

2.   Even assuming arguendo that Petitioner's Notice of Appeal (Doc. #13) was timely filed, Petitioner's "Request for Issuance of Certificate of Appealability (COA) Pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c)(2)" (Doc. #14) is due to be denied. On April 24, 1996, the President signed into law amendments to 28 U.S.C. §§ 2244, 2253, 2254, 2255, Appellate Rule 22, and 21 U.S.C. § 848(q).  As a result, this Court should grant an application for a certificate of appealability only if the Petitioner makes a substantial showing of the denial of a constitutional right.  To make this substantial showing, Petitioner "must demonstrate that the issues are debatable among jurists of reason" or "that a court could resolve the issues [differently]." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (citation omitted).  In addition, Petitioner could show "the questions are adequate to deserve encouragement to proceed further." Id.

Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir.), cert. denied, 531 U.S. 966 (2000). When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  <u>Slack</u>, 529 U.S. at 484; <u>Franklin v. Hightower</u>, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam), <u>cert</u>. <u>denied</u>, 532 U.S. 1009 (2001).  Here, Petitioner has failed to make the requisite showing.   Therefore,   Petitioner's "Request  for  Issuance of Certificate of Appealability (COA) Pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c)(2)" (Doc. #14) is **DENIED**.

3.   Because this Court has determined that this case does not deserve to proceed further, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of March, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

ps 3/1
c:
Michael G. Abshire
Assistant Attorney General Carmen F. Corrente
USCA

- 3 -